CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Section Chief, Criminal Division

WAYNE A. MYERS
W. KEAUPUNI AKINA #11565
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Wayne.Myers@usdoj.gov
        KeAupuni.Akina@usdoj.gov

**ORIGINAL**
FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 27 2023
at 3 o'clock and 00 min. P M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 1:22-CR-00106-JAO |
| Plaintiff, | ) ) ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) ) | |
| KANIELA PEREZ, (05) | ) ) ) | DATE: OCT. 26, 2023<br>TIME: 3 P.M.<br>JUDGE: JAO |
| Defendant. | ) ) ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, KANIELA PEREZ, and his attorney, Randall Hironaka, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that he has been charged in the Indictment with violating:

   a. 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; Count 1] and

   b. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) [Distribution of Methamphetamine; Count 7].

2. The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4. The defendant will enter a voluntary plea of guilty to Count 7 of the Indictment [Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]. In return, the government agrees to move to dismiss Count 1 [Conspiracy to Distribute and Possess with Intent to Distribute

Methamphetamine] of the Indictment, as it relates to the defendant, after sentencing.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because he is in fact guilty of Count 7 of the Indictment [Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)] and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7. The defendant understands that the penalties for the offenses to which he is pleading guilty include:

    a. A term of imprisonment of not less than 10 years and not more than life and a fine of up to $10,000,000, plus a term of supervised release of not less than 5 years and up to life.

    b. In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the

prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

  c. **Forfeiture.** Pursuant to 21 U.S.C. § 853, forfeiture of any (1) property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of a violation of the provisions of 21 U.S.C. §§ 801 et seq. or 21 U.S.C. §§ 951 et seq.; and (2) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

  d. **Loss of Federal Benefits.** At the discretion of the Court, the defendant may also be denied any or all federal benefits, as that term is defined in Title 21, United States Code, Section 862, (a) for up to five years if this is the defendant's first conviction of a federal or state offense amounting to the distribution of controlled substances, or (b) for up to ten years if this is the defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is the defendant's third or more conviction of a federal or state offense amounting to the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in Title 21, United States Code, Section 862(d).

## **FACTUAL STIPULATIONS**

8.  The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a.  As alleged in the Indictment, the defendant had a criminal agreement with Keliikoa Kaimana Foster Young ("Foster Young"), and others, to distribute, and possess with the intent to distribute, what the defendant knew was methamphetamine (actual), a Schedule II controlled substance, on Oahu in the District of Hawaii.

b.  On or about June 15, 2021, the defendant agreed with Foster Young to distribute approximately 866 grams (actual) of methamphetamine to one of Foster Young's drug customers on Oahu. The defendant and Foster Young agreed that the defendant would supply the methamphetamine for the transaction. Pursuant to that agreement, the defendant and Foster Young traveled together, in Foster Young's vehicle, to a meeting location. There, the defendant and Foster Young met with the drug customer, who fronted $15,000 to buy the methamphetamine. Shortly thereafter, at a nearby location, the defendant exited Foster Young's vehicle and entered a vehicle, driven by the defendant's methamphetamine supplier, and obtained, from that supplier, the methamphetamine for the drug customer. Foster Young and the defendant—who

was then carrying approximately three pounds of methamphetamine—then entered the drug customer's vehicle, and provided the drug customer with approximately two pounds (i.e., approximately 866 grams (actual)) of it. The defendant and Foster Young then drove away from the meeting location, still in possession of approximately one pound of methamphetamine.

    c. Law enforcement subsequently recovered the methamphetamine provided to the drug customer by the defendant and Foster Young. A chemist employed by the Drug Enforcement Administration determined the bags contained, in total, 866 grams ± 54 grams of pure methamphetamine hydrochloride.

  9. The parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

  10. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

    a. The parties agree that the defendant is personally accountable for 1,299 grams of methamphetamine (actual) (i.e., two pounds/866 grams

6

provided to the drug customer and one pound/433 grams retained by the defendant and Foster-Young), in that the defendant was personally involved with that quantity, resulting in a base offense level of 34 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(3).

    b. The parties agree that the defendant did not have an aggravating or mitigating role within the meaning of U.S.S.G. §§ 3B1.1 or 3B1.2.

    c. As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

    d. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is

otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in

which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in 18 U.S.C. § 3742(b).

## FINANCIAL DISCLOSURE

14. In connection with the collection of restitution or other financial obligations that may be imposed upon him, the defendant agrees as follows:

9

a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

      b.    The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

      c.    Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## **IMPOSITION OF SENTENCE**

15.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a

presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

17. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

12

defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

    d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

    e.  At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  18.  The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.   If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20.   The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

22.     To become effective, this Agreement must be signed by all signatories listed below.

23.     Should the Court refuse to accept this Agreement, it is null and void

//
//
//
//
//
//
//
//
//
//
//
//

and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

_____  Dated: 10/26/23
CRAIG S. NOLAN
Section Chief, Criminal Division

_____  Dated: 10/26/23
WAYNE A. MYERS
W. KEAUPUNI AKINA
Assistant U.S. Attorneys

_____  Dated: 27 Oct. 2023
KANIELA PEREZ
Defendant

_____  Dated: 27 Oct. 2023
RANDALL HIRONAKA, ESQ.
Attorney for Defendant